**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WPM CONSTRUCTION, LLC, an Indiana Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | No. |
| v. | ) ) | |
| PERKINS + WILL, INC., a Delaware corporation f/k/a PERKINS & WILL, INC.; BRININSTOOL+LYNCH, LTD., an Illinois corporation f/k/a B+L MANAGEMENT SERVICES, LTD.: II IN ONE CONTRACTORS/II IN ONE REBAR JOINT VENTURE, an Illinois joint venture; II IN ONE CONTRACTORS, INC., an Illinois corporation; II IN ONE REBAR, INC., an Illinois corporation, | ) ) ) ) ) ) ) ) ) ) ) | **Jury Demanded** |
| Defendants. | | |

## COMPLAINT

WPM CONSTRUCTION, LLC, by and through its attorneys, Eric L. Singer and Jenée M. Straub of Ice Miller, LLP, for its Complaint against Defendants PERKINS + WILL, INC., a Delaware corporation f/k/a PERKINS & WILL, INC., BRININSTOOL+LYNCH, LTD., an Illinois corporation f/k/a B+L MANAGEMENT SERVICES, LTD., II IN ONE CONTRACTORS, INC., an Illinois corporation, and II IN ONE REBAR, INC., an Illinois corporation, alleges as follows:

### PROJECT

1.     This action arises out of the expansion and construction of a parking garage located Oak Park, Illinois.  Defendants' design and construction errors, omissions and defects failed to meet applicable building codes and caused cracking in concrete structural beams,

girders and columns throughout the newly constructed expansion, all of which must be repaired at significant expense.

**PARTIES**

2.      Plaintiff WPM Construction, LLC ("WPM") is an Indiana limited liability company with its principal place of business located in Merrillville, Indiana.  WPM is engaged in the business of general construction contracting.  WPM's members are three individuals, two of whom reside in and are citizens of Indiana (Mr. Dean White and Mr. John Peterman) and one of whom resides in and is a citizen of Utah (Mr. Craig White).

3.      Whiteco Residential, LLC ("Whiteco") assigned certain claims to WPM in this action.  Whiteco is an Indiana limited liability company with its principal place of business located in Merrillville, Indiana.  Whiteco is engaged in the business of real estate development. Whiteco's members are two Indiana Limited Liability Companies, White/Peterman RD, LLC and DVWJMP, LLC, both of whom have their principal places of business in Merrillville, Indiana and both of whom are comprised of two members who reside in and are citizens of Indiana (Mr. Dean White (individually or as trustee and beneficiary) and Mr. John Peterman).

4.      Defendant Perkins + Will, Inc. f/k/a Perkins & Will, Inc. ("P+W") is a Delaware corporation registered to do business in Illinois with its principal place of business located in Chicago, Illinois.  P+W is engaged in the practice of architecture.

5.      Defendant Brininstool+Lynch, Ltd. f/k/a B+L Management Services, Ltd. ("B+L") is an Illinois corporation with its principal place of business located in Chicago, Illinois. B+L is engaged in the practice of architecture.

2

6.      Defendant II in One Contractors, Inc. is an Illinois corporation with its principal place of business located in Chicago, Illinois.  II in One Contractors is engaged in the business of construction contracting.

7.      Defendant II in One Rebar, Inc. is an Illinois corporation with its principal place of business located in Chicago, Illinois.  II in One Rebar is engaged in the business of construction contracting.

8.      Defendant II in One Contractors/II in One Rebar Joint Venture, is an Illinois joint venture consisting of Defendants II in One Contractors, Inc. and II in One Rebar, Inc., the members and joint venture of which have their principal places of business located in Chicago, Illinois.      Defendant II in One Contractors/II in One Rebar Joint Venture is engaged in the business of construction contracting.

## JURISDICTION AND VENUE

9.      Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1332 in that complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

10.      Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(a)(1) and (a)(2).

## DESIGN CONTRACTS

11.      On or about June 14, 2005, Whiteco entered into a written contract with P+W wherein P+W agreed to design improvements to and expansion of the existing Holley Court parking garage located in the Village of Oak Park, Illinois (hereinafter the "Project").  A true and accurate copy of the written contract between Whiteco and P+W (hereinafter the "Owner/Architect Agreement") is attached hereto as <u>Exhibit A</u>.

12.     Pursuant to the terms of the Owner/Architect Agreement, P+W promised to provide services necessary to convey the design intent and construction documentation suitable for bidding, permitting and construction of the Project.  P+W promised to include the services of certain design subconsultants, including but not limited to structural design by C. E. Anderson & Associates.  Although the Owner/Architect Agreement references negotiation of an additional American Institute of Architects contract form, neither P+W nor Whiteco ever executed the referenced form.

13.     On information and belief, P+W subcontracted to C.E. Anderson & Associates, P.C.  (hereinafter "Anderson") certain of P+W's duties relating to the provision of structural engineering design services for the Project.

14.     The Owner/Architect Agreement included an implied promise to provide design services for the Project utilizing the same degree of care and skill as used by other design professionals working on similar projects.

15.     On November 18, 2005, Whiteco and P+W terminated the Owner/Architect Agreement by agreement but did not waive or release claims against P+W arising out of the Project.  Whiteco has since assigned to WPM all of Whiteco's  rights, title and interest in claims arising out of the P+W Agreement.

<u>**GENERAL AND SUBCONTRACTS**</u>

16.     Whiteco and WPM entered into a Standard Form of Agreement Between Owner and Contractor (where the basis of payment is the Cost of the Work Plus a Fee with a negotiated Guaranteed Maximum Price), AIA Document A111-1997 dated March 20, 2006 (the "General Contract").  A true and correct copy of the General Contract is attached hereto as <u>Exhibit B</u>.

17.     In the General Contract, WPM agreed to fully execute the work necessary to construct the Project in accordance with the plans, specifications and other documents forming the Contract Documents.

18.     By agreement dated March 28, 2006, WPM entered into a written subcontract with II in One Contractors/II in One Rebar Joint Venture, consisting of joint venture partners II in One Contractors and II in One Rebar (hereinafter collectively referred to as "II in One")("II in One Subcontract").

19.     In the II in One Subcontract, II in One promised to furnish all of the supervision, labor, materials, licenses, inspections, fees, permits, tools, consumables and equipment necessary to perform all of the work necessary to construct the excavation and concreted portions of the Project in accordance with the plans and specifications.  A true and correct copy of the II in One Subcontract is attached hereto as Exhibit C.

20.     In the II in One Subcontract, II in One promised to supervise and direct the work using its best skill and attention and to be solely responsible for and have control over its construction means, methods, techniques, sequences and procedures, and for coordinating all portions of the work.

21.     In the II in One Subcontract, II in One promised to carefully study and compare the plans, specifications and other Contract Documents with each other and with information furnished by Whiteco and WPM and, before commencing work, to verify field conditions, compare field conditions with other information known to II in One and to promptly report errors, inconsistencies or omissions discovered to the Project's architect, Whiteco and WPM.

22.     In the II in One Subcontract, II in One warranted to Whiteco and WPM that materials and equipment furnished would be new and of good quality, that the work would be

free from defects not inherent in the quality required or permitted and that the work would conform to the requirements of the plans, specifications and other Contract Documents.    II in One also impliedly warranted that it would perform its work in a good and workmanlike manner.

23.    In the II in One Subcontract, II in One promised to protect, defend, hold harmless and indemnify WPM from and against all claims, actions, liabilities, damages, losses, costs and expenses, including but limited to attorneys' fees and all costs of litigation arising out of or resulting from the performance of II in One's work or breach of contract.

### ARCHITECTURAL CONSTRUCTION ADMINISTRATION CONTRACT

24.    On or before April 19, 2006, WPM entered into an oral agreement with B+L to provide architectural construction administration services for the Project and by which B+L became the architect of record for the Project  (hereinafter "B+L Architect Agreement").

25.    The B+L Architect Agreement included B+L's promise to provide architectural services during the construction phase of the Project, including but not limited to (i) observing, inspecting, reporting and administering work in progress and completed; (ii) visiting the Project site during construction to observe, inspect, review, administer and report on construction work in progress and completed and to verify conformance of the work with design intent; (iii) and to review and respond to contractor inquiries concerning design intent, including but not limited to review, comment and approval of contractor fabrication drawings, shop drawings, submittals and samples and to confirm their conformity with design intent.

26.    The B+L Architect Agreement included an implied promise to provide design services for the Project utilizing the same degree of care and skill as used by other Illinois design professionals working on similar projects.

27.     On information and belief, B+L subcontracted to Anderson B+L's construction administration duties concerning structural engineering design for the Project.  In the alternative, B+L assumed P+W's rights, duties and obligations under the P+W subcontract with Anderson.

### THE WORK AND DISCOVERY OF DEFECTS IN DESIGN AND CONSTRUCTION

28.     WPM began construction of the Project in May of 2006.  The Project was substantially complete in or around November or December of 2006.

29.     In or around September of 2010, the Village of Oak Park discovered and advised Whiteco and WPM of building code violations, structural defects and cracking in and around the Project's structural concrete beams, girders and columns.

30.     In, around and after September of 2010, the Village of Oak Park demanded of Whiteco, and Whiteco demanded of WPM, that immediate investigation be undertaken, followed by design and construction of repairs and remediation of the defective conditions.

31.     In its investigation around and after September of 2010, Whiteco and WPM discovered that the Project was designed or constructed, or both, such that the structural beams and girders lacked sufficient reinforcing bar support continuous through the columns and that other portions of the work contained structural defects and cracks, all of which failed to comply with applicable codes, standards, ordinances or regulations applicable to the Project.

### COUNT I
### (BREACH OF OWNER/ARCHITECT AGREEMENT BY P+W)

32.      WPM re-alleges and incorporates by reference as if set forth fully herein, the allegations contained in Paragraph Nos.1 through 31 as and for the allegations of this Paragraph No. 32 of Count I.

33.     WPM asserts Count I as assignee of Whiteco.

34.     P+W breached the Owner/Architect Agreement by providing, or by P+W's subcontractor Anderson providing, a structural design containing defects, errors and omissions, including but not limited to failure to properly and without negligence:

     a.  Design the structural beams and girders with sufficient reinforcing bar support continuous through the columns;

     b.  Design the structural beams, girders and columns with sufficient reinforcement;

     c.  Design the structural beams, girders and columns using sufficient, complete or proper calculations to accommodate the anticipated loads carried by the structural members;

     d.  Design a structure that complied with applicable codes, standards, ordinances or regulations applicable to the Project; or

     e.  Utilize the same degree of care and skill as used by other design professionals working on similar projects.

35.     WPM and Whiteco performed all of the obligations required by the Owner/Architect Agreement.

36.     P+W's breaches of the Owner/Architect Agreement damaged WPM in excess of $75,000, exclusive of interest and costs, for the considerable expenses associated with:

     a.  investigation into the inadequate reinforcing bar support and causes of cracking; and

     b.  the design and construction of repairs to the Project, including but not limited to the Project's structural beams, girders and columns.

WHEREFORE, Plaintiff, WPM CONSTRUCTION, LLC prays for judgment in its favor and against Defendant PERKINS + WILL, INC. f/k/a PERKINS & WILL, INC. in an amount in excess of $75,000.00 to be proven at trial, together with pre-judgment interest, costs and for such other relief as this Court deems just and equitable.

## COUNT II
### (BREACH OF B+L ARCHITECT AGREEMENT)

37.    WPM re-alleges and incorporates by reference as if set forth fully herein, the allegations contained in Paragraph Nos.1 through 31 as and for the allegations of this Paragraph No. 37 of Count II.

38.    B+L breached the B+L Architect Agreement by failing, or by its subcontractor Anderson failing, with respect to the Project's structural beams, girders and columns, to properly and without negligence (i) observe, inspect, report and administer work in progress and completed; (ii) visit the Project site during construction to observe, inspect, review, administer and report on construction work in progress and completed and to verify conformance of the work with design intent; (iii) review and respond to contractor inquiries concerning design intent, including but not limited to review, comment and approval of contractor fabrication drawings, shop drawings, submittals and samples and to confirm their conformity with design intent; or (iv) utilize the same degree of care and skill as used by other Illinois design professionals working on similar projects.

39.    WPM performed all of the obligations required by the B+L Architect Agreement.

40.    B+L's breaches of the B+L Architect Agreement damaged WPM in excess of $75,000, exclusive of interest and costs, for the considerable expenses associated with:

a.      investigation into the inadequate reinforcing bar support and causes of cracking; and

b.      the design and construction of repairs to the Project, including but not limited to the Project's structural beams, girders and columns.

WHEREFORE, Plaintiff, WPM CONSTRUCTION, LLC prays for judgment in its favor and against Defendant BRININSTOOL+LYNCH, LTD. f/k/a B+L MANAGEMENT SERVICES, LTD., in an amount in excess of $75,000.00 to be proven at trial, together with pre-judgment interest, costs and for such other relief as this Court deems just and equitable.

## COUNT III
### (BREACH OF II IN ONE SUBCONTRACT)

41.      WPM re-alleges and incorporates by reference as if set forth fully herein, the allegations contained in Paragraph Nos.1 through 31 as and for the allegations of this Paragraph No. 41 of Count III.

42.      II in One breached the II in One Subcontract by (i) failing to construct the Project in accordance with the Project's plans, specifications and Contract Documents; (ii) failing, before commencing work, to verify field conditions, compare field conditions with other information known to II in One and to promptly report errors, inconsistencies or omissions discovered to the Project's architect, Whiteco and WPM; (iii) or otherwise failing to complete the work in a good and workmanlike manner such that work would be new and of good quality, free from defects not inherent in the quality required or permitted and otherwise in conformance with the II in One Subcontract.

43.      WPM performed all of the obligations required by the II in One Subcontract.

44.    II in One's breaches of the II in One Subcontract damaged WPM in excess of $75,000, exclusive of interest and costs, for the considerable expenses associated with:

      a.    investigation into the inadequate reinforcing bar support and causes of cracking; and

      b.    the design and construction of repairs to the Project, including but not limited to the Project's structural beams, girders and columns.

WHEREFORE, Plaintiff, WPM CONSTRUCTION, LLC prays for judgment in its favor and against Defendants II IN ONE CONTRACTORS/II IN ONE REBAR JOINT VENTURE, II IN ONE CONTRACTORS, INC. and  II IN ONE REBAR, INC., jointly and severally, in an amount in excess of $75,000.00 to be proven at trial, together with pre-judgment interest, costs and for such other relief as this Court deems just and equitable.

Dated:  April 18, 2013                    WPM CONSTRUCTION, LLC,


By:  /s/    Eric L. Singer_____
          One of Its Attorneys

Eric L. Singer (#6199429)
Jenée M. Straub (#6270698)
Ice Miller, LLP
2300 Cabot Drive, Suite 455
Lisle, Illinois  60532
630.955.0555
630.955.0662 (facsimile)